IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. RDB-21-00163 |
| BENJAMIN F. PAZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Benjamin F. Paz ("Paz" or "Defendant") has been charged in a one-count Indictment alleging unlawful procurement of citizenship or naturalization under 18 U.S.C. § 1425(a).  (Indictment, ECF No. 1.)   Now pending is Defendant's Motion *in Limine* "to Exclude Privileged Testimony of Defendant Benjamin Paz's Legal Representative" (ECF No. 64).  The Court has considered the Government's Opposition (ECF No. 65) and held a telephone conference on the record on September 26, 2022.  (ECF No. 67.)  For the reasons stated on the record, and briefly reiterated below, Defendant's Motion is **DENIED**.

Defendant seeks to preclude the Government from eliciting testimony from Celia Rivas, an Accredited Representative under the Department of Justice's Recognition and Accreditation Program, concerning her conversations with Defendant Paz during his naturalization proceedings.  (ECF No. 64.)  Defendant further urges this Court to extend the attorney-client privilege to accredited representatives under Federal Rule of Evidence 501.  *Id.*  The Court declines to extend the attorney-client privilege to accredited representatives in the context here.  First, there is no evidence on the record that Defendant believed Ms. Rivas was

his legal counsel.[1] Second, there is a dearth of legal authority, let alone precedent in this Circuit, that would move this Court to extend attorney-client privilege to protect communications with accredited representatives. Third, even if this Court extended such privilege, the Government clarified that it does not plan to inquire about Ms. Rivas' conversations with Defendant, but rather intends on asking Ms. Rivas about "matters that apply generally to the services she provides clients rather than to this specific Defendant." (ECF No. 65 at 5.) Plainly, unless the evidence during trial opens the door to substantive conversations between Ms. Rivas and Defendant, the Court does not anticipate any so-called privileged information to be divulged anyway.

Accordingly, IT IS, this <u>26th</u> day of <u>September, 2022</u>, hereby ORDERED that Defendant's Motion *in Limine* "to Exclude Privileged Testimony of Defendant Benjamin Paz's Legal Representative" (ECF No. 64) is **DENIED**.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[1] Defense counsel argued on the telephone conference, for the first time, that Defendant may have understood Ms. Rivas to be his counsel, as indicated on a waiver sheet in which Defendant signed that he "waived the right to have [his] attorney, CELIA ELIZABETH RIVAS, present at this interview." However, this argument is juxtaposed by Exhibit 5 to Defendant's Motion (ECF No. 64) which indicates that Celia Rivas is *not* Defendant's attorney, but instead is an accredited representative.