USDC - BALTIMORE
'22 SEP 30 PM 4:50

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

*

**UNITED STATES OF AMERICA**  *

      **v.**                 *     **Criminal No. RDB-21-0163**

**BENJAMIN F. PAZ,**
                      *

      **Defendant.**       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Court's Jury Instructions

## Index

(Introduction and Juror Attentiveness) ............................................................................................. 3

(Role of the Court) ............................................................................................................................ 4

(Role of the Jury) .............................................................................................................................. 5

(Juror Obligations) ............................................................................................................................ 7

(Government as Party) ....................................................................................................................... 8

(Conduct of Counsel) ........................................................................................................................ 9

(Improper Considerations: Race, Religion, National Origin, Sex, or Age) .................................... 10

(Sympathy) ...................................................................................................................................... 12

(Indictment is Not Evidence) .......................................................................................................... 13

(Variance – Dates) .......................................................................................................................... 14

(Presumption of Innocence and Burden of Proof) .......................................................................... 15

(Number of Witnesses and Uncontradicted Testimony) ................................................................. 16

(Direct and Circumstantial Evidence) ............................................................................................. 17

(Questions Not Evidence) ............................................................................................................... 18

(Testimony and Exhibits)................................................................................................................ 19

(Improper Consideration of Defendant's Right Not to Testify) .................................................... 20

(Admission of Defendant)............................................................................................................. 21

(Inference Defined)........................................................................................................................ 22

(Knowingly)................................................................................................................................... 24

(Knowledge, Willfulness, Intent).................................................................................................. 25

(Witness Credibility - General Instruction) .................................................................................. 26

(Interest in Outcome).................................................................................................................... 28

(Law Enforcement Witness).......................................................................................................... 29

(Bias and Hostility)....................................................................................................................... 30

(Punishment).................................................................................................................................. 31

(Introduction to the Charge).......................................................................................................... 32

(Unlawful Procurement of Citizenship or Naturalization: Introduction and Elements).............. 33

(Elements of the Crime)................................................................................................................. 34

(First Element – Defendant Provided False Information).............................................................. 35

(Second Element - Materiality)...................................................................................................... 36

(Third Element - Knowledge)........................................................................................................ 37

(Fourth Element – Defendant Procured Naturalization)................................................................ 38

(Duty to Consult and Need for Unanimity) .................................................................................. 39

(Selection of Foreperson)............................................................................................................... 41

(Verdict Form) .............................................................................................................................. 42

## COURT'S INSTRUCTION NO. 1

### (Introduction and Juror Attentiveness)

Members of the Jury:

You have now heard all the evidence and the arguments of counsel and are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

Sand & Siffert, *Modern Federal Jury Instructions,* 2-1.

3

## COURT'S INSTRUCTION NO. 2

### (Role of the Court)

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but rather you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base your verdict upon any other view of the law than that which I give you.

Sand & Siffert, *Modern Federal Jury Instructions,* 2-2.

4

## COURT'S INSTRUCTION NO. 3

### (Role of the Jury)

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the

5

testimony they gave, as you recall it—and the exhibits that were received in evidence. The evidence does not include questions. Only the answers are evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.     As  to  the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sand & Siffert, *Modern Federal Jury Instructions,* 2-3 (modified).

6

## COURT'S INSTRUCTION NO. 4

### (Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sand & Siffert, *Modern Federal Jury Instructions,* 2-4.

## COURT'S INSTRUCTION NO. 5

### (Government as Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand & Siffert, *Modern Federal Jury Instructions,* 2-5.

8

## COURT'S INSTRUCTION NO. 6

### (Conduct of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Sand & Siffert, *Modern Federal Jury Instructions*, 2-8.

9

## COURT'S INSTRUCTION NO. 7

### (Improper Considerations: Race, Religion, National Origin, Sex, or Age)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. Additionally, you should not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

10

Sand & Siffert, *Modern Federal Jury Instructions*, 2-11.

## COURT'S INSTRUCTION NO. 8

### (Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sand & Siffert, *Modern Federal Jury Instructions*, 2-12.

## COURT'S INSTRUCTION NO. 9

### (Indictment is Not Evidence)

The defendant here is charged with a crime about which I will instruct you shortly. This charge is called a *"count."* I will refer to the count by the number assigned to it in the charging instrument, called an indictment, but an indictment is merely a statement of charge and not itself evidence.

Sand & Siffert, *Modern Federal Jury Instructions*, 3-1.

13

COURT'S INSTRUCTION NO. 10

**(Variance – Dates)**

The law requires only a substantial similarity between the indictment and the proof; that is sufficient.

While we are on the subject the indictment, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.

Sand & Siffert, *Modern Federal Jury Instructions*, 3-13.

14

## COURT'S INSTRUCTION NO. 11

### (Presumption of Innocence and Burden of Proof)

Mr. Paz has pleaded not guilty to the charge in the indictment. To convict him, the burden is on the prosecution to prove his guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to him, for the simple reason that the law presumes him to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, Mr. Paz starts with a clean slate and is presumed innocent of the charge until such time, if ever, that you as a jury are satisfied that the government has proven him guilty of that charge beyond a reasonable doubt.

Sand & Siffert, *Modern Federal Jury Instructions*, 4-1 (modified).

## COURT'S INSTRUCTION NO. 12

### (Number of Witnesses and Uncontradicted Testimony)

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Sand & Siffert, *Modern Federal Jury Instructions*, 4-3.

## COURT'S INSTRUCTION NO. 13

### (Direct and Circumstantial Evidence)

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence. Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Sand & Siffert, *Modern Federal Jury Instructions,* 5-2.

## COURT'S INSTRUCTION NO. 14

### (Questions Not Evidence)

Let me emphasize that a lawyer's questions are not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

In short, questions are not evidence; answers are.

Sand & Siffert, *Modern Federal Jury Instructions*, 5-3.

18

## COURT'S INSTRUCTION NO. 15

### (Testimony and Exhibits)

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence. Only those exhibits received into evidence may be considered as evidence. As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Sand & Siffert, *Modern Federal Jury Instructions*, 5-4, 5-6 (modified).

## COURT'S INSTRUCTION NO. 16

### (Improper Consideration of Defendant's Right Not to Testify)

The Defendant Benjamin Paz did not testify in this case. Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Paz did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against him in any way in your deliberations in the jury room. As you may remember, two questions were posed to you during jury selection that asked whether you would consider this against the defendant in any way and you answered in the negative to both questions.

Sand & Siffert, *Modern Federal Jury Instructions*, 5-21 (modified).

## COURT'S INSTRUCTION NO. 17

### (Admission of Defendant)

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

Sand & Siffert, *Modern Federal Jury Instructions*, 5-19.

## COURT'S INSTRUCTION NO. 18

### (Inference Defined)

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

22

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

Sand & Siffert, *Modern Federal Jury Instructions*, 6-1.

## COURT'S INSTRUCTION NO. 19

### (Knowingly)

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Sand & Siffert, *Modern Federal Jury Instructions*, 3A-1.

## COURT'S INSTRUCTION NO. 20

### (Knowledge, Willfulness, Intent)

Knowledge, willfulness, and intent involve the state of a person's mind. Accordingly, this is a fact you are called on to decide. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done may be shown by the act itself, or by a series of acts, rather than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

Sand & Siffert, *Modern Federal Jury Instructions*, 6-17 (modified).

## COURT'S INSTRUCTION NO. 21

### (Witness Credibility - General Instruction)

It must be clear to you by now that the government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the

defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sand & Siffert, *Modern Federal Jury Instructions*, 7-1.

## COURT'S INSTRUCTION NO. 22

### (Interest in Outcome)

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

Sand & Siffert, *Modern Federal Jury Instructions*, 7-3.

28

## COURT'S INSTRUCTION NO. 23

### (Law Enforcement Witness)

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official or immigration official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sand & Siffert, *Modern Federal Jury Instructions*, 7-16.

29

## COURT'S INSTRUCTION NO. 24

### (Bias and Hostility)

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that some government witnesses may have towards the defendant or the government.

Evidence that a witness is biased, prejudiced or hostile toward the defendant or the government requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Sand & Siffert, *Modern Federal Jury Instructions*, 7-2 (modified).

## COURT'S INSTRUCTION NO. 25

### (Punishment)

The question of possible punishment of Mr. Paz if he is found guilty of the count in the indictment is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not Mr. Paz is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon him, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Sand & Siffert, *Modern Federal Jury Instructions*, 9-1 (modified).

31

## COURT'S INSTRUCTION NO. 26

### (Introduction to the Charge)

The instructions which I have just given to you are more or less of a general nature applicable to all criminal cases before this Court.

We will next consider the crime with which the defendant is charged in the Indictment. An alleged crime is charged in what is called a count.

With these preliminary instructions in mind, let us turn to the charge against the defendant, as contained in the Indictment. Mr. Paz is charged with one Count of unlawfully procuring citizenship or naturalization. I remind you that an indictment itself is not evidence. It merely describes the charge made against a defendant. It is an accusation. It may not be considered by you as any evidence of guilt of a defendant.

Now I am going to give you specific instructions relevant to this particular case.

Sand & Siffert, *Modern Federal Jury Instructions*, 3-1 (modified).

## COURT'S INSTRUCTION NO. 27

## (Unlawful Procurement of Citizenship or Naturalization: Introduction and Elements)

Count One of the Indictment charges the defendant with unlawfully procuring United States citizenship. It reads as follows:

The Grand Jury for the District of Maryland charges that:

On or about January 24, 2015, in the District of Maryland, the defendant,

### BENJAMIN F. PAZ,

knowingly procured and attempted to procure, contrary to law, naturalization and citizenship by misrepresenting on his application for naturalization material facts, that is, after being placed under oath by an officer of the United States Citizenship and Immigration Service, the defendant affirmed his false response to a question on his form N-400 (Application for Naturalization) "Have you **ever** committed a crime or offense for which you were **not** arrested?" when in fact, as he then well knew, in 2004 he entered a home in Washington, D.C. at night without permission and sexually assaulted the female occupant while she slept.

18 U.S.C. § 1425(a)

Sand & Siffert, *Modern Federal Jury Instructions*, 33-13.

33

## COURT'S INSTRUCTION NO. 28

### (Elements of the Crime)

The indictment charges the defendant with violating § 1425(a) of Title 18 of the United States Code. That section provides: "Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship [shall be guilty of a crime]."

In order to prove the defendant guilty of unlawfully procuring citizenship of the United States, the government must prove each of the following elements beyond a reasonable doubt:

First, that defendant provided false information in a naturalization proceeding;

Second, that the false information provided by defendant related to a material matter;

Third, that defendant acted knowingly; and

Fourth, that defendant procured naturalization as a result of the false testimony.

Sand & Siffert, *Modern Federal Jury Instructions*, 33-13 and 33-14.

34

## COURT'S INSTRUCTION NO. 29

### (First Element – Defendant Provided False Information)

The first element that the government must prove beyond a reasonable doubt

is that defendant provided false information in a naturalization proceeding as alleged

in the Indictment.

A statement is "false" if it was untrue when made.

Sand & Siffert, *Modern Federal Jury Instructions*, 33-15.

## COURT'S INSTRUCTION NO. 30

### (Second Element - Materiality)

The second element the government must prove beyond a reasonable doubt is that the false information provided by defendant related to a material matter.

To prove this element, the government must prove that defendant's misrepresentation or omission had a natural tendency to influence the government's decision such that truthful information would have disclosed facts relevant to the defendant's qualification for citizenship.

Sand & Siffert, *Modern Federal Jury Instructions*, 33-16.

## COURT'S INSTRUCTION NO. 31

### (Third Element - Knowledge)

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

To establish this element, the government must prove either that defendant knew that the misrepresentations alleged in the Indictment were false when defendant made them, or that defendant knew that he or she was not eligible for citizenship at the time the misrepresentations were made.

To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Sand & Siffert, *Modern Federal Jury Instructions*, 33-17.

## COURT'S INSTRUCTION NO. 32

### (Fourth Element – Defendant Procured Naturalization)

The fourth element that the government must prove beyond a reasonable doubt is that defendant procured naturalization as a result of the false testimony.

To establish this element the government must prove that defendant obtained United States citizenship as a result of the material misrepresentations alleged in the Indictment. This means that the government must prove that if the defendant had provided the immigration authorities with truthful evidence, it would have raised a fair inference that defendant was not eligible for naturalization.

Sand & Siffert, *Modern Federal Jury Instructions*, 33-18.

## COURT'S INSTRUCTION NO. 33

### (Duty to Consult and Need for Unanimity)

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others,

you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

Sand & Siffert, *Modern Federal Jury Instructions*, 9-7.

## COURT'S INSTRUCTION NO. 34

### (Selection of Foreperson)

When you retire, Juror Number 8 shall be your foreperson, that is, the person who will preside over the deliberations and who will be your spokesperson here in Court. The foreperson runs the meeting, controls deliberations, and communicates with the Court. If you need to communicate with me, it should be by written note signed by the foreperson.

Sand & Siffert, *Modern Federal Jury Instructions,* 9-5 (modified).

## COURT'S INSTRUCTION NO. 35

### (Verdict Form)

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and then date and sign the form. After you have done so, please advise the court, by sending a note through the Marshal, that you have reached a verdict. When I receive that note, I shall have you return with your verdict to the courtroom.

Sand & Siffert, *Modern Federal Jury Instructions,* 9-5, 9-9 (modified).